FILED _____ LODGED
_____ RECEIVED _____ COPY

APR 2 8 2021

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

1   GLENN B. McCORMICK
    Acting United States Attorney
2   District of Arizona
    Sean K. Lokey
3   Assistant United States Attorney
    Arizona State Bar No. 033627
4   Two Renaissance Square
    40 N. Central Ave., Suite 1800
5   Phoenix, Arizona 85004
    Telephone: 602-514-7500
6   Email: sean.lokey@usdoj.gov
    Attorneys for Plaintiff
7

**SEALED**

8              IN THE UNITED STATES DISTRICT COURT

9                 FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No.    CR-21-00322-PHX-DWL (MTM) |
| Plaintiff, | **INDICTMENT** |
| vs. | VIO:   18 U.S.C. § 1001(a)(1) |
| | (Falsification and Concealment of Material Facts) |
| Christopher Woods, | Count 1 |
| Defendant. | 18 U.S.C. § 1001(a)(2) (Making a False Statement) Count 2 |
| | 18 U.S.C. § 1519 (Falsification of Record or Document) Counts 3-5 |
| | 18 U.S.C. § 1503 (Obstruction of the Due Administration of Justice) Count 6 |

22   **THE GRAND JURY CHARGES:**

23                        <u>**COUNT 1**</u>

24        Beginning in or about May 2020, and continuing thereafter until at least October 20,

25   2020, in the District of Arizona, and elsewhere, in a matter within the jurisdiction of the

26   executive branch of the government of the United States, specifically the Department of

27   Homeland  Security  ("DHS"),  Immigrations  and  Customs  Enforcement-Office  of

28   Professional Responsibility ("ICE-OPR"), the United States Bureau of Land Management

("BLM"), the United States Department of Veterans Affairs, and United States Environmental Protection Agency ("EPA"), defendant CHRISTOPHER WOODS knowingly and willfully falsified, concealed, and covered up by trick, scheme, and device material facts in employment application documents.

**Purpose of the Scheme**

The purpose of the scheme was for defendant WOODS to conceal from the federal agencies to which he applied for federal law enforcement employment the true nature of his prior employment and derogatory information related to his prior employment as a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI") in Nogales, Arizona and Ventura, California, and the true reasons for his resignation from that position. Defendant WOODS' further purpose was to secure a federal law enforcement pension.

**Means and Manner of the Scheme**

Defendant WOODS devised a scheme to conceal from prospective federal law enforcement employers derogatory information regarding his tenure at HSI, why he left HSI, and that he had come under suspicion while at HSI for lying to federal agents regarding his identity as a poster to an online internet forum and offensive, derogatory and racially inflammatory posts he had made to the forum. The scheme was executed through the following means and manner among others:

1. Defendant WOODS would obtain information about an opening for a federal law enforcement position at one of the smaller federal law enforcement agencies.

2. Defendant WOODS would research and inquire into the background investigation and security clearance requirements for these open federal law enforcement positions.

3. Defendant WOODS would submit paperwork applying for a federal law enforcement position, falsely listing a former colleague as his prior supervisor.

4. Defendant WOODS would contact the person falsely listed as the prior supervisor and ask them to lie about and conceal information from potential federal

employers about WOODS' employment background at HSI and about WOODS' actual prior supervisors at HSI.

5.     Defendant WOODS would also contact other former colleagues and seek additional assistance from them in concealing information from potential federal employers about his background, why he left HSI, and his prior supervisors at HSI.

**Execution of the Scheme**

In furtherance of the scheme and to accomplish its purpose, defendant WOODS committed or caused the following acts, among others, in the District of Arizona and elsewhere:

1.     On or about May 17, 2020, defendant WOODS texted an HSI Special Agent, D.B., a former law enforcement Ranger with BLM, inquiring about the security clearance requirement and background investigation process for BLM Rangers.

2.     On or about June 1, 2020, defendant WOODS again contacted D.B. by text and asked D.B. to act as a reference for him for an EPA law enforcement position, and not mention who WOODS' supervisor in Nogales had been as WOODS intended to list his supervisor from a different position and was trying to keep the Nogales supervisors from being interviewed.

3.     On or about June 3, 2020, defendant WOODS telephoned another HSI Special Agent, J.R., and asked for J.R.'s assent in falsely listing him as his supervisor on pending and future job applications, stating that because J.R.'s number was an "805" (Ventura, California) number, it would be believable.

4.     On or about June 10, 2020, defendant WOODS texted J.R. stating "Hey bro, if you get called on a reference about me, just act busy and say you'll call them right back, and give me a call. Thanks."

5.     On or about June 18, 2020, defendant WOODS texted D.B. stating "EPA updated me to not hired, so guess I should have been creative on my last GS earlier."

6.     On or about June 30, 2020, defendant WOODS spoke to J.R. by telephone and instructed him to falsely tell a prospective employer that J.R. was his last supervisor at

HSI and other false information about why defendant WOODS left HSI, and to "paint some picture that like, I was having issues, that I had to take care of my wife and my kids and that like the agency" was sending WOODS on work details away from his family.

7.     On or about July 9, 2020, defendant WOODS submitted employment paperwork for a job as a BLM Field Staff Law Enforcement Ranger position in Lake Havasu, Arizona, falsely listing his prior supervisor as J.R. and listing D.B. as a reference.

8.     On or about July 22, 2020, defendant WOODS submitted employment paperwork for a job as a BLM Field Staff Law Enforcement Ranger position in Tucson, Arizona, falsely listing his prior supervisor as J.R. and listing D.B. as a reference.

9.     On or about August 4, 2020, defendant WOODS submitted employment paperwork to the Department of Veteran's Affairs – Office of Inspector General ("VA-OIG") for a position as a Criminal Investigator (Special Agent) in Phoenix, Arizona, falsely listing his prior supervisor as J.R.

10.     On or about August 13, 2020, defendant WOODS submitted employment paperwork to the Department of Veteran's Affairs – Office of Inspector General for a position as a Criminal Investigator (Special Agent) in Long Beach and Los Angeles, California, falsely listing his prior supervisor as J.R.

11.     On or about October 2, 2020, during a phone call with HSI Special Agent A.G., defendant WOODS told A.G. to let him know if he (A.G.) became a Supervisor in Nogales and "If someone became a supervisor in Nogales that I trusted I would list them as my supervisor and have them run interference for me.  If you were a supervisor in Nogales I'd list you as my last supervisor and have you run interference for me."

12.     On or about October 2, 2020, during a phone call with HSI Special Agent A.G., defendant WOODS threatened harm to an ICE-OPR agent investigating him, stating "I had a very, very long interview, with a guy who, without putting out any names out there (…) he's lucky he left that interview with two [expletive] working kneecaps. That's all I'll say… and if I ever see him again, he won't be so [expletive] lucky" and then later in the conversation, "like I said, if I ever see him again, he will be in a [expletive] wheelchair."

1      13.     On or about October 20, 2020, defendant WOODS made a phone call to D.B.

2   through the WhatsApp application and told D.B. that when he (WOODS) applied three

3   months ago for a uniformed law enforcement officer position within the Forest Service he

4   (WOODS) had listed D.B. on the application without D.B.'s consent and that D.B. might

5   be contacted by the Forest Service because he was listed.

6      14.     On or about October 20, 2020, defendant WOODS communicated with J.R.

7   on the telephone and stated to J.R. that "that thing we talked about" was a bad idea and he

8   took J.R. "off completely." WOODS stated to J.R. that a potential federal law enforcement

9   employer had called wanting to talk to J.R. because WOODS had listed J.R. as his

10  supervisor.  WOODS said he did not want anything coming back on J.R. and he would

11  have "plausible deniability."  WOODS further stated to J.R. to not take any Northern

12  California calls as it could be that potential employer asking about WOODS.

13      In violation of 18 U.S.C. §1001(a)(1).

14                              **COUNT 2**

15      On or about February 25, 2020, in the District of Arizona, and elsewhere, defendant

16  CHRISTOPHER WOODS knowingly and willfully made materially false, fictitious and

17  fraudulent statements and representations in a matter within the jurisdiction of the

18  executive branch of the government of the United States, specifically the United States

19  Department of Homeland Security, by stating in an interview with federal agents that:

20      He had not posted the following message on the DelphiForums internet forum as

21  screen name "MarkFelt":

22      I'm gonna guess if you're on the SWB, you're not of a certain skin
23      complexion or [vulgarity] your ASAC good enough to get an SFLR, now
        that the transparent priority system was canned.  I know management hates
24      being told they have to play by the rules too.  This is the result of years of
        having a lower bar than other 1811 outfits (with the exception of the folks
25      from the recent announcements—I'm actually impressed by what I'm
        seeing), and direct hiring unqualified guys into this agency that are Yuma,
26      Cax, Nogl, Dgl, RGV locals, because they're the only ones that will stay in
        those skidmark towns and become 14s, if OIG or the Bureau doesn't arrest
27      them first.  I understand we are a border based agency, so Spanish helps, but
        I'm sure we could still have hired people that actually speak English too;

28

He had not posted messages on the DelphiForums internet forum under the screen name "Andy Sipowicz (SWBisBS)" in January 2019 in an exchange with another poster who stated "I know first hand what kind of an agent this guy is and what he has done or lack thereof .. however, he has quite the write-up resume .. beach time .. verbals .. writtens .. he is that guy";

He had never logged into DelphiForums, under the screen name Andy Sipowicz (SWBisBS) or posted under that screen name;

He had never logged into DelphiForums, under the screen name Mark Felt or posted under that screen name; and

His wife, E.W., stated to him that she was Andy Sipowicz (SWBisBS);

when in truth and fact, as defendant WOODS then knew, defendant WOODS had logged into and posted to the internet forum, DelphiForums, under the screen names Andy Sipowicz (SWBisBS) and Mark Felt, his wife had not stated to him that she was Andy Sipowicz (SWBisBS), and he had posted such messages to the internet forum.

In violation of 18 U.S.C. §1001(a)(2).

## COUNT 3

On or about July 9, 2020, in the District of Arizona, and elsewhere, defendant CHRISTOPHER WOODS knowingly made a false entry in a record and document with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the United States Department of Homeland Security and the United States Bureau of Land Management, and in relation to and in contemplation of such matter. Specifically, defendant WOODS completed and submitted employment paperwork for a Field Staff Law Enforcement Ranger position in Lake Havasu, Arizona, listing his prior supervisor as J.R., when in truth and fact, as defendant WOODS then knew, J.R. had not been his supervisor.

In violation of 18 U.S.C. §1519.

**COUNT 4**

On or about July 22, 2020, in the District of Arizona, and elsewhere, defendant CHRISTOPHER WOODS knowingly made a false entry in a record and document with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the United States Department of Homeland Security and the United States Bureau of Land Management, and in relation to and in contemplation of such matter. Specifically, defendant WOODS completed and submitted employment paperwork for a Field Staff Law Enforcement Ranger position in Tucson, Arizona, listing his prior supervisor as J.R., when in truth and fact, as defendant WOODS then knew, J.R. had not been his supervisor.

In violation of 18 U.S.C. §1519.

**COUNT 5**

On or about August 4, 2020, in the District of Arizona, and elsewhere, defendant CHRISTOPHER WOODS knowingly made a false entry in a record and document with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the United States Department of Homeland Security and the United States Department of Veterans Affairs, and in relation to and in contemplation of such matter. Specifically, defendant WOODS completed and submitted employment paperwork for a Department of Veteran's Affairs, Office of Inspector General position as a Criminal Investigator (Special Agent) in Phoenix, Arizona, listing his prior supervisor as J.R., when in truth and fact, as defendant WOODS then knew, J.R. had not been his supervisor.

In violation of 18 U.S.C. §1519.

**COUNT 6**

On or about August 18, 2020, in the District of Arizona, and elsewhere, defendant CHRISTOPHER WOODS corruptly endeavored to influence, obstruct, and impede the due administration of justice, namely, a federal grand jury in the District of Arizona in its investigation of offenses related to his false statements to law enforcement, by asking D.B.

via text and a FaceTime audio call to delete all text messages between D.B. and defendant WOODS, and to download the SIGNAL app and contact him (WOODS) on a pre-paid phone WOODS had purchased because defendant WOODS knew the ICE-OPR investigation now involved a potential criminal element and also knew someone who had been interviewed by ICE-OPR whose phone had been taken or downloaded for evidence.

In violation of 18 U.S.C. §1503.

A TRUE BILL

_s/_
FOREPERSON OF THE GRAND JURY
Date:  April 28, 2021

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

_s/_
Sean K. Lokey
Assistant U.S. Attorney

- 8 -